**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TATYANNA WYATT<br>2539 S. Fairhill Street, Philadelphia, PA 19148<br>     Plaintiff,<br><br>v.<br><br>THOMAS JEFFERSON UNIVERSITY &<br>JEFFERSON HEALTH ENTERPRISE a/k/a<br>EINSTEIN PRACTICE PLAN INC. d/b/a<br>MOSS REHAB AND PHYSICAL MEDICINE<br>ASSOCIATES a/k/a JEFFERSON MOSS-<br>MAGEE REHABILITATION – ELKINS PARK<br>a/k/a MOSS REHAB/EINSTEIN AT ELKINS<br>PARK and BRANDON JACKSON.<br>60 East Township Line Road, Elkins Park, PA 19027<br>     Defendants. | NO.: 2:26-cv-01284<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiff, Tatyanna Wyatt, complains as follows:

<u>Parties</u>

1.   Plaintiff, Tatyanna Wyatt, is an adult individual residing at 2539 S. Fairhill Street, Philadelphia, Pennsylvania 19148.

2.   Defendant Thomas Jefferson University & Jefferson Health Enterprise, a/k/a Einstein Practice Plan Inc., d/b/a Moss Rehab and Physical Medicine Associates, a/k/a Jefferson Moss-Magee Rehabilitation – Elkins Park, a/k/a Moss Rehab/Einstein at Elkins Park (hereinafter "Moss Rehab"), is a healthcare and rehabilitation facility with its principal place of business located at 60 East Township Line Road, Elkins Park, Pennsylvania 19027.

3.   Defendant Brandon Jackson is an adult individual whose address is currently unknown to Plaintiff. At all relevant times, Defendant Brandon Jackson was employed by Moss Rehab in a supervisory and/or managerial capacity and acted within the course and scope of his employment.

<u>Jurisdiction and Venue</u>

4.   This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

5.   This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

6.   This Court has supplemental jurisdiction over Plaintiff's related state law claim(s), including negligent hiring, retention, and supervision, pursuant to 28 U.S.C. § 1367(a), as those claims arise from the same nucleus of operative facts as the federal claims.

7.   Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based on sex and sexual orientation.

8.   On or about December 1, 2025, the EEOC issued a Notice of Right to Sue. This action is filed within ninety (90) days of Plaintiff's receipt of that Notice.

9.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices alleged herein occurred within the Eastern District of Pennsylvania, and Defendants conduct business within this District.

Summary of Facts

10. Plaintiff was employed by Moss Rehab as an Environmental Services employee beginning on or about September 26, 2021.

11. Plaintiff worked the second shift, generally from 3:00 p.m. to 11:30 p.m., and was assigned specific areas within the Moss Rehab facility.

12. Moss Rehab employees, including Plaintiff, were routinely permitted to leave the building during unpaid meal periods so long as a supervisor was notified.

13. Plaintiff's direct supervisor, Defendant Brandon Jackson, expressly instructed her to notify him by text message when leaving the building, and Plaintiff complied with this instruction.

14. Plaintiff possesses in excess of fifty (50) text messages documenting that her supervisor knew of and approved her departures from the building.

15. Moss Rehab is located in a commercial area with numerous nearby eateries, and employees routinely left the facility to obtain meals without discipline.

16. Defendant Brandon Jackson was aware that Plaintiff is a lesbian.

17. In or around February 2024, Plaintiff was making small talk with Defendant Jackson and states that her and her girlfriend would be going to an event for date night. Defendant Jackson responded, "*What does that have to do with me? You dykes are always taking the pretty girls from good men*".[1] The tone and context of the remark were dismissive and hostile.

18. Shortly thereafter, Defendant Jackson observed Plaintiff's girlfriend dropping her off lunch during her break.

19. Defendant Jackson commented to Plaintiff that he "*seen your girl at the bar*" and that he didn't understand how Plaintiff could *"bag a baddie"*[2].

20. Following this interaction, Defendant Jackson began subjecting Plaintiff to heightened scrutiny and petty criticism that was not imposed on similarly situated employees.

21. Defendant Jackson engaged in similar conduct toward another employee, Nysir Lee, an openly gay and flamboyant male EVS employee.[3]

22. Nysir Lee was investigated for alleged "time theft" and terminated.

23. In or about November 2024, Plaintiff was told not to report to work due to an alleged investigation into her time records.

24. The following Monday, Plaintiff was terminated by telephone and accused of "time theft."

25. Plaintiff immediately denied the accusation and requested details and proof.

26. Defendants failed to provide any evidence supporting the accusation.

27. Plaintiff later received generic correspondence stating she was terminated, without dates, times, or factual support.

---

[1] The term "dyke" is a derogatory term for a lesbian.
[2] This term is ebonics for getting an attractive woman to date you.
[3] Defendant Jackson was overheard by Plaintiff saying *"ugh I fu**ing hate fags."*

28. Plaintiff was not provided with progressive discipline, warnings, or an opportunity to respond.

29. Other employees who were not openly gay routinely left and re-entered the building on their breaks without notice and without discipline.

30. The accusation of time theft against Plaintiff was false and pretextual.

31. Defendants engaged in a pattern of targeting openly gay employees for heightened scrutiny, false accusations, and termination.

32. As a result of Defendants' wrongful termination, Plaintiff suffered severe emotional distress upon confronting the reality that, in today's society, an employer's representative vested with power and authority could still discriminate against and terminate an employee based on sexual orientation, notwithstanding the evolving national recognition that an individual's sexuality is a private matter unrelated to job performance.

33. Defendants provided shifting and inconsistent explanations regarding the basis for Plaintiff's termination, alternately referencing "time theft," unspecified time discrepancies, and generalized policy violations, without identifying dates, times, or conduct.

34. Defendants failed to produce or reference any contemporaneous documentation supporting the accusation of "time theft," including time records, investigation notes, surveillance footage, or disciplinary memoranda.

35. Defendants' handling of Plaintiff's alleged misconduct represented a departure from established disciplinary procedures, including the failure to provide progressive discipline, written warnings, or an opportunity to respond.

36. Defendants selectively enforced workplace policies against Plaintiff while permitting similarly situated employees outside Plaintiff's protected class to engage in the same conduct without discipline.

37. Defendants failed to preserve, produce, or disclose contemporaneous time records, investigation notes, surveillance footage, or documentation supporting the accusation of "time theft," warranting an adverse inference that such evidence would have contradicted Defendants' stated justification.

38. At all relevant times, Defendant Brandon Jackson acted within the course and scope of his employment with Defendant Employer and exercised supervisory authority delegated by Defendant Employer, rendering Defendant Employer vicariously liable for his acts and omissions under principles of respondeat superior.

39. As a result of Defendants' conduct, Plaintiff suffered loss of employment, lost wages, reputational harm, emotional distress, and loss of future career opportunities.


## COUNT I -NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Pennsylvania Common Law)

40. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Defendant Employer owed a duty to Plaintiff and other employees to exercise reasonable care in the hiring, retention, supervision, and discipline of its supervisory personnel.

42. Defendant Brandon Jackson was placed in a position of supervisory authority over Plaintiff, including authority over scheduling, discipline, investigations, and termination decisions.

43. Prior to and during Defendant Jackson's employment, Defendant Employer knew or should have known that Defendant Jackson posed a foreseeable risk of harm to employees based

on his conduct, temperament, discriminatory attitudes, or prior complaints, warnings, or indicia of unfitness for a supervisory role.

44. Defendant Employer failed to conduct adequate pre-employment screening, background investigation, and/or post-hire monitoring of Defendant Jackson.

45. Defendant Employer further failed to properly supervise, train, discipline, or remove Defendant Jackson after he engaged in inappropriate, discriminatory, and hostile conduct toward employees under his supervision.

46. Defendant Jackson's discriminatory remarks, sexualized comments, and targeting of openly gay employees were foreseeable consequences of Defendant Employer's negligent hiring, retention, and supervision.

47. Upon information and belief, Defendant Brandon Jackson was previously terminated from prior similar employment for wrongful misconduct.

48. Upon further information and belief, Defendant Jackson was thereafter hired by Defendant Moss Rehab into a substantially similar supervisory position, despite his prior termination.

49. Upon information and belief, Defendant Moss Rehab's decision to hire Defendant Jackson was influenced primarily by paternal influence, rather than by a reasonable assessment of his fitness for supervisory employment.

50. Defendant Employer's negligence occurred independently and antecedent to the discriminatory acts themselves and created an unreasonable risk of harm to Plaintiff.

51. As a direct and proximate result of Defendant Employer's negligence, Plaintiff suffered harm including loss of employment, reputational injury, emotional distress, and economic damages.

52. Defendant Employer's conduct constituted negligent hiring, retention, and supervision under Pennsylvania law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Employer, awarding compensatory damages, interest, costs of suit, and such other relief as this Court deems proper.

## COUNT II – DISCRIMINATION BASED ON SEX AND SEXUAL ORIENTATION
### (Title VII – 42 U.S.C. § 2000e et seq.)

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. Plaintiff is a member of a protected class under Title VII, including protection against discrimination because of sex, including sexual orientation, as recognized by Bostock v. Clayton County, 140 S. Ct. 1731 (2020).

55. At all relevant times, Plaintiff was qualified for her position and performed her job satisfactorily.

56. Plaintiff was subjected to adverse employment actions, including heightened scrutiny, false accusations of misconduct, suspension, and termination.

57. Defendant Brandon Jackson made explicitly discriminatory and hostile statements regarding Plaintiff's sexual orientation, including derogatory slurs and sexualized commentary, demonstrating animus based on sex and sexual orientation.

58. Following Defendant Jackson's awareness of Plaintiff's same-sex relationship, Plaintiff was treated differently than similarly situated heterosexual employees, including being falsely accused of "time theft" for conduct routinely permitted and approved.

59. The stated reason for Plaintiff's termination was false, pretextual, and not supported by evidence.

60. Plaintiff's sexual orientation and sex were motivating factors in Defendants' decision to discipline and terminate her.

61. Defendants' reliance on shifting explanations, lack of contemporaneous documentation, selective enforcement of policies, and departure from established disciplinary procedures demonstrates that the stated reason for Plaintiff's termination was pretextual.

62. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff suffered loss of employment, lost wages and benefits, emotional distress, reputational harm, and loss of future earning capacity.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

## COUNT III - HOSTILE WORK ENVIRONMENT
### (Title VII – 42 U.S.C. § 2000e et seq.)

63. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

64. Plaintiff was subjected to unwelcome harassment based on sex and sexual orientation.

65. The harassment included derogatory slurs, sexualized comments, and demeaning statements made by a supervisor with authority over Plaintiff's employment.

66. These were not stray remarks, but supervisory harassment tied directly to adverse employment decisions.

67. The conduct was severe and pervasive, altered the conditions of Plaintiff's employment, and created an intimidating, hostile, and offensive working environment.

68. Defendants knew or should have known of the harassment and failed to take prompt and appropriate corrective action.

69. Defendants are vicariously liable for the conduct of Defendant Jackson, who acted within the scope of his supervisory authority.

70. As a result, Plaintiff suffered compensable damages under Title VII.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

## COUNT IV – RETALIATION
### (Title VII – 42 U.S.C. § 2000e-3(a))

71. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

72. Plaintiff engaged in protected activity by opposing discriminatory treatment and denying false allegations rooted in discriminatory animus.

73. Shortly thereafter, Plaintiff was subjected to materially adverse actions, including suspension and termination.

74. There is a direct causal connection between Plaintiff's protected activity and the adverse employment actions.

75. Defendants' actions would dissuade a reasonable employee from opposing unlawful discrimination.

76. The close temporal proximity between Plaintiff's protected activity, Defendant Jackson's discriminatory remarks, and Plaintiff's suspension and termination establishes a causal connection between Plaintiff's opposition to discrimination and the adverse employment actions.

77. Defendants' conduct constitutes unlawful retaliation in violation of Title VII.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

## COUNT V - DISCRIMINATORY TERMINATION
### (Title VII of the Civil Rights Act of 1964 – 42 U.S.C. § 2000e et seq.)

78. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

79. Plaintiff was a qualified employee who performed her job duties satisfactorily and in accordance with Defendants' policies and practices.

80. Plaintiff was subjected to termination from employment, which constitutes a materially adverse employment action.

81. Plaintiff's termination occurred after Defendant Brandon Jackson became aware of Plaintiff's sexual orientation and after he made derogatory and hostile remarks referencing Plaintiff's same-sex relationship.

82. Defendants accused Plaintiff of "time theft" without evidence, documentation, or contemporaneous records, and without affording Plaintiff an opportunity to respond.

83. Defendants deviated from established disciplinary practices by failing to provide progressive discipline, warnings, or a meaningful investigation.

84. Similarly situated employees who were not openly gay engaged in the same conduct—leaving the facility during unpaid breaks—but were not disciplined or terminated.

85. Defendants' stated reason for Plaintiff's termination was false, pretextual, and a cover for unlawful discrimination.

86. Plaintiff's sex and sexual orientation were motivating and determinative factors in Defendants' decision to terminate her employment.

87. Defendants' reliance on shifting explanations, lack of contemporaneous documentation, selective enforcement of policies, and departure from established disciplinary procedures demonstrates that the stated reason for Plaintiff's termination was pretextual.

88. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered loss of income, loss of benefits, emotional distress, reputational harm, and loss of future earning capacity.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

## COUNT VI - DISPARATE TREATMENT (SELECTIVE ENFORCEMENT)
### (Title VII – 42 U.S.C. § 2000e et seq.)

89. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

90. Defendants maintained a policy or practice permitting employees to leave the facility during unpaid meal periods, provided a supervisor was notified.

91. Plaintiff complied with this policy and was expressly instructed by her supervisor, Defendant Brandon Jackson, to notify him by text message, which she did.

92. Defendants selectively enforced workplace rules against Plaintiff after becoming aware of her sexual orientation.

93. Heterosexual employees and employees not openly gay routinely left and re-entered the facility during breaks without discipline or investigation.

94. Plaintiff was singled out for heightened scrutiny, monitoring, and discipline for conduct identical to that of similarly situated employees outside her protected class.

95. Defendants' selective enforcement of workplace rules constituted disparate treatment based on sex and sexual orientation.

96. Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

## COUNT VII - TITLE VII LIABILITY BASED ON SUPERVISORY BIAS
### (Cats Paw Theory vs. Brandon Jackson)

97. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

98. Defendant Brandon Jackson harbored discriminatory animus toward Plaintiff based on her sex and sexual orientation, as evidenced by his statements, conduct, and differential treatment.

99. Defendant Jackson initiated, influenced, or substantially participated in the investigation that led to Plaintiff's termination.

100.    Defendants relied upon information, accusations, or recommendations supplied by Defendant Jackson in deciding to discipline and terminate Plaintiff.

101.    Defendants failed to conduct an independent, good-faith investigation into the allegations against Plaintiff and failed to verify the accuracy of the accusations.

102.    Defendant Jackson's biased initiation of an investigation marked by selective enforcement and unsupported accusations was adopted by decision-makers without independent verification, resulting in termination based on shifting and pretextual explanations.

103.     Defendant Jackson's discriminatory animus was a proximate cause of Plaintiff's termination.

104.     Defendants are liable under a cat's paw theory for employment decisions tainted by the discriminatory bias of a supervisory employee.

105.     As a result, Plaintiff suffered damages as alleged herein

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

## COUNT VIII- EMPLOYER LIABILITY FOR SUPERVISORY HARASSMENT AND FAILURE TO REMEDY
### (Title VII – 42 U.S.C. § 2000e et seq. vs. Moss Rehab)

106.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

107.     Defendant Employer knew or should have known that Plaintiff was being subjected to discrimination and harassment based on sex and sexual orientation.

108.     Discriminatory remarks were made by a supervisor acting within the scope of his employment, placing Defendant Employer on actual notice.

109.     Defendant Employer failed to take prompt, adequate, and effective remedial action to stop the discriminatory conduct.

110.     Defendant Employer failed to train, supervise, and discipline its managerial employees regarding unlawful discrimination and harassment.

111.     Instead of correcting the misconduct, Defendants escalated adverse action against Plaintiff and terminated her employment.

112.     Defendant Employer's failure to prevent and correct discrimination demonstrates reckless indifference to Plaintiff's federally protected rights.

113.     Plaintiff is entitled to compensatory and punitive damages as permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

Damages

114.     As a result of Defendants' violations of Title VII, Plaintiff seeks:

(a) Back pay and front pay
(b) Lost benefits
(c) Compensatory damages for emotional distress
(d) Punitive damages (against non-governmental defendants)
(e) Attorneys' fees and costs and

(f)  Such other relief as the Court deems just and proper

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, awarding back pay, front pay, compensatory damages, punitive damages as permitted by law, attorneys' fees and costs, interest, and such other relief as this Court deems proper.

<u>Jury Demand</u>

115.    Plaintiff demands a trial by jury on all issues so triable

Date: 2/27/2026           By:    <u>*/S/Thomas F. Crawford*</u>
                                 THOMAS F. CRAWFORD, ESQUIRE
                                 **THOMAS F. CRAWFORD, P.C.**
                                 Attorney I.D. No. 36426
                                 1361 Taylor Drive, Langhorne, PA  19047
                                 (215) 757-7162